Case 1:10-cv-00913-BAH   Document 32   Filed 01/28/12   Page 1 of 14

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANGELA BROOKS,<br><br>                Plaintiff,<br><br>                v.<br><br>DISTRICT OF COLUMBIA,<br><br>                Defendant. | Civil Action No. 10-913 (BAH)<br>Judge Beryl A. Howell |

**MEMORANDUM OPINION**

       Before the Court is defendant District of Columbia's motion for reconsideration of the Court's August 31, 2011 Order granting in part plaintiff Angela Brooks' motion for summary judgment. The plaintiff initiated this lawsuit pursuant to the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"),[1] 20 U.S.C. §§ 1400 *et seq.*, on behalf of her then-minor child, R.T., seeking to compel the District of Columbia to issue a revised Individualized Education Plan ("IEP") for her daughter consistent with an August 2009 vocational evaluation. In accordance with the Magistrate Judge's Report and Recommendation, to which the parties did not file an objection, the Court granted in part the plaintiff's motion for summary judgment, directing the defendant to, *inter alia*, determine appropriate compensatory education to rectify its failure to provide R.T. with a free appropriate public education ("FAPE"). The defendant now seeks reconsideration of this order, arguing that R.T. is no longer eligible to receive IDEIA services because she has graduated from high school. As explained below, the

---

[1] Until the 2004 revisions to the Act, IDEIA was known as the Individuals with Disabilities Education Act, or IDEA. This earlier abbreviation is reflected in passages quoted throughout the opinion.

1

Court concludes that R.T. is eligible for, and is entitled to, compensatory education. Consequently, the defendant's motion for reconsideration is denied.

I.    BACKGROUND

Plaintiff Angela Brooks and her daughter R.T. are District of Columbia residents. Answer, ECF No. 2, ¶ 4. Due to learning disabilities, R.T. was determined to be eligible for special education services. Administrative Record ("A.R."), ECF No. 7, at 6. Until June 2011, she attended the High Road Academy in a full-time special education program. *See* A.R. at 23. In order to develop an appropriate educational plan for R.T., a multidisciplinary team ("MDT") held a meeting on May 18, 2009, at which they determined that a vocational assessment was needed to properly evaluate R.T.'s career interests.[2] *Id.* at 6, 106-7, 109. The MDT then authorized the plaintiff to independently obtain an evaluation for her daughter at the D.C. Public School system's ("DCPS") expense. *Id.* at 106-7, 109.

On August 31, 2009, R.T. underwent a vocational evaluation, which noted that she was interested in becoming a gynecologist, a lawyer, a pediatric dentist, a pediatrician, or a veterinarian, as well as a hair stylist. *Id.* at 23-33. The vocational evaluator recommended that R.T. attend a cosmetology certification program, secure part-time employment, and enroll in a home economics/life skills course. *Id*. at 31. R.T.'s vocational evaluation report was transmitted to the Office of Special Education Resolution Team on October 7, 2009, and was again transmitted to the office on November 12, 2009. *Id*. at 110. The defendant, however, failed to review the report.

---

[2] "After a child is identified as having a disability, a team, which includes the child's parents, certain teachers, school officials, and other professionals, collaborates to develop an individualized educational program ("IEP") to meet the child's unique needs. *See* 20 U.S.C. §§ 1412(a)(4), 1414(d)(1)(B). Local school officials utilize the IEP to assess the student's needs and assign a commensurate learning environment. *See* 20 U.S.C. § 1414(d)(1)(A). The IEP team examines the student's educational history, progress, recent evaluations, and parental concerns prior to implementing a FAPE for the student. *Id.* § 1414(d)(1)-(3)." *Gill v. District of Columbia*, 751 F. Supp. 2d 104, 108 (D.D.C. 2010).

On December 22, 2009, the plaintiff filed an administrative due process complaint, arguing that the DCPS was denying R.T. a FAPE by failing to timely review R.T.'s evaluations, and by failing to review and revise her IEP. *Id.* at 13.  On March 7, 2010, the Impartial Due Process Hearing Officer assigned to the plaintiff's administrative complaint denied the plaintiff relief.  The Hearing Officer determined that although the DCPS never reviewed R.T.'s independent vocational assessment, did not review and revise R.T.'s IEP in light of the evaluation, and did not discuss or determine compensatory education, R.T.'s vocational evaluation was "invalid because it was ineffective at measuring Student's true interests, knowledge, and capacities." *Id.* at 9; *see also id.* at 4-10.  The Hearing Officer therefore concluded that the failure to timely review R.T.'s evaluation did not deny her a FAPE.

On June 3, 2010, the plaintiff filed a Complaint in this Court for injunctive and declaratory relief against the District of Columbia, arguing that the hearing officer erred when she denied the plaintiff's administrative complaint and asserting that the defendant was denying R.T. a FAPE because of its failure to timely review R.T.'s vocational evaluation.  The parties filed motions for summary judgment based on the administrative record, ECF Nos. 8, 11, and the case was referred to Magistrate Judge John M. Facciola for report and recommendation.  ECF No. 15.

On August 10, 2011, the Magistrate Judge issued a Report and Recommendation on the pending motions, recommending that the Court grant in part the plaintiff's motion for summary judgment and deny the defendant's motion for summary judgment.  Report and Recommendation of Mag. J. John M. Facciola, ECF No. 21, at 7-11 ("Magistrate's Report").  Pursuant to Local Civil Rule 72.3(b), the Court provided the parties 14 days to file objections to the Magistrate Judge's recommendation.  No objection was filed.

On August 31, 2011, having reviewed the parties' motions and the record in the case, the Court adopted the Magistrate Judge's recommendation in whole, concluding that R.T. was denied a FAPE by the defendant's failure to timely review R.T.'s vocational assessment and revise her IEP.  Order dated August 31, 2011, ECF No. 22; Magistrate's Report, at 7-11.  The Court agreed with the Magistrate Judge that the hearing officer incorrectly denied the plaintiff's administrative claim "based on an argument that was never raised by DCPS or [the hearing officer] prior to her issued opinion, and to which Brooks was never able to respond."  Magistrate's Report, at 9.  The Court further agreed that the DCPS denied R.T. an FAPE because its "failure to review the evaluation—even if it would have found it invalid and would have required a new evaluation—compromised the effectiveness of the IDEIA as applied to R.T."  *Id.* at 15.

Accordingly, as recommended by the Magistrate Judge, the Court declared that the DCPS violated the IDEIA by failing in a timely manner to review R.T.'s vocational evaluation and revise her IEP in accordance with that evaluation.  The Court further ordered the defendant to "convene, within 20 days, an IEP team meeting, and at that meeting [to] review all current evaluations of R.T. and revise her IEP as appropriate."  Order dated August 31, 2011, ECF No. 22.  The Court denied, however, the plaintiff's request for *specific* compensatory education, because, as stated by the Magistrate Judge, "[n]early two years have passed since [R.T.'s vocational] evaluation, and it [is] necessary for R.T.'s MDT to discuss her IEP and vocational evaluation in the context of her present interests and abilities."  Magistrate's Report, at 7-11.  The matter was remanded to the defendant in order for the defendant to "determine what appropriate compensatory education would compensate R.T. for DCPS' failure timely to review her vocational evaluation."  *Id.*

Three weeks after the Court granted in part the plaintiff's motion for summary judgment, and over forty days after the Magistrate Judge's report and recommendation, the defendant moved for reconsideration of the Court's order, pursuant to Federal Rule of Civil Procedure 59(e), arguing that because R.T. had graduated from high school on June 10, 2011, she was no longer entitled to IDEIA services and the Court could not award compensatory education to rectify the defendant's failure to provide R.T. an FAPE. Def.'s Mot. Reconsideration of Order dated August 31, 2011, ECF No. 23, at 1 ("Def.'s Mot."). In its Reply memorandum, the defendant for the first time raised the additional argument that the plaintiff is not entitled to relief because she lost standing when R.T. turned eighteen years of age on November 17, 2010. Def.'s Reply, ECF No. 25, at 5-6. As explained below, both arguments are unavailing. The defendant's motion for reconsideration is denied.

## II.  STANDARD OF REVIEW

A motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) is subject to the Court's discretion and "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam) (internal quotations omitted); *Lemmons v. Georgetown Univ. Hosp.*, 241 F.R.D. 15, 22 (D.D.C. 2007) (quoting *Messina v. Krakower*, 439 F.3d 755, 758 (D.C. Cir. 2006)). "[A] Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled, nor is it a vehicle for presenting theories and arguments that could have been advanced earlier." *Fresh Kist Produce, LLC v. Choi Corp.*, 251 F. Supp. 2d 138, 140 (D.D.C. 2003) (internal quotation marks and citations omitted). "While the [C]ourt has considerable discretion in ruling on a Rule 59(e) motion, the reconsideration and

amendment of a previous order is an extraordinary measure." *Id.* at 140 (citing *Firestone*, 76 F.3d at 1208); *see also Jung v. Ass'n of Am. Med. Coll.*, 184 Fed. Appx. 9, 13 (D.C. Cir. 2006) (noting "the high standard for relief under Rule 59(e)"); *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001) ("Motions under [Rule 59(e)] are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances.").

## III.     DISCUSSION

The defendant asserts two grounds that it claims warrants reconsideration of the Court's August 31, 2011 Order. First, the defendant contends that R.T. "is no longer eligible to receive IDEA services" because she has graduated from high school with a diploma. Second, the defendant argues that the plaintiff no longer has standing to assert claims on behalf of her daughter R.T. because R.T. is over the age of eighteen years old. Prior to addressing those arguments, however, the Court must dispense with the defendant's specious contention that the Court actually *denied* the plaintiff compensatory education in its August 31, 2011 Order.

### A. The Court Awarded the Plaintiff Compensatory Education in Its August 31, 2011 Order

The defendant states that the plaintiff should be denied compensatory education because the Court already "expressly denied her request." Def.'s Reply, ECF No. 25, at 1. This argument is based on a specious reading of the Court's Order and the accompanying Report and Recommendation from the Magistrate Judge, which the Court adopted "in whole" without objection from either party. Order dated August 31, 2011, ECF No. 22. As explained fully by the Magistrate Judge, the Court denied the *specific* compensatory education the plaintiff requested[3] because "two years have passed since [R.T.'s vocational] evaluation, and it seems

---

[3] The plaintiff requested, *inter alia*, an injunction directing the defendant to "fund a life skills course, a certified cosmetology program, a part-time job after R.T. obtains her cosmetology certification, a life skills coaching session once per week for 6 months after her graduation, and a job skills coaching session once per week for 6 months after

6

necessary for R.T.'s MDT to discuss her IEP and vocational evaluation in the context of her present interests and abilities." Magistrate's Report, at 15. The DCPS was therefore ordered to convene a meeting to, *inter alia*, "determine whether a new vocational evaluation is required; and determine *what appropriate compensatory education* would compensate R.T. for DCPS' failure timely to review her vocational evaluation." *Id.* at 16; *see also* Order dated August 31, 2011, ECF No. 22. Although the Court denied the plaintiff the specific compensatory education she outlined, the Court's Order and the Magistrate Judge's Report and Recommendation made clear that the plaintiff was to receive appropriate compensatory education, which the Court directed the defendant to determine after a fresh review of R.T.'s vocational evaluations. The Court now addresses the defendant's alternate argument that this award of compensatory education was in error.

### B. R.T.'s Graduation from High School does not Preclude R.T. from Obtaining Appropriate Compensatory Education under IDEIA

The IDEIA requires school districts to ensure that a "[FAPE] is available to all children with disabilities residing in the State between the ages of 3 and 21, inclusive," unless doing so with regard to children younger than 5 and older than 18 "is inconsistent with State law or practice." 20 U.S.C. § 1412(a)(1)(A)-(B)(i). Under District of Columbia law, the DCPS is not obligated "to provide FAPE to children with disabilities who have graduated from high school with a regular high school diploma." D.C. MUN. REGS. SUBT. 5-E, § 3002.2(c). Citing this D.C. statute, the defendant argues that because R.T. has graduated from high school and has received a diploma, she is no longer eligible for IDEIA services and the relief granted to the plaintiff is inappropriate. *See* Def.'s Mot., ECF No. 23, at 1. This is incorrect.

---

her graduation, all of the petitioner's choosing, to compensate R.T. for DCPS' failures." Compl., Prayer for Relief, ¶ 3.

While the DCPS is under no obligation to provide continued IDEIA-related services to disabled children who have received a high school diploma, the Court may nonetheless order the DCPS to provide compensatory education to a student who has been deprived of her statutory rights.  While the D.C. Circuit has yet to directly address this issue, as the plaintiff notes, "every Circuit court that has addressed the question has held that a former student retains the rights the right to compensatory education despite the fact that the IDEA no longer guarantees the student FAPE because he or she has graduated high school or has turned 22."  Pl.'s Opp'n Def.'s Mot. for Reconsideration, ECF No. 24, ("Pl.'s Opp'n") at 2.

In *Pihl v. Massachusetts Department of Education*, 9 F.3d 184 (1st Cir. 1993), for example, the First Circuit stated that "[c]ommon sense commands [the] conclusion" that courts are not precluded from awarding compensatory education simply because a disabled student is no longer entitled to IDEA services.  In that case, the defendant argued that the plaintiff was "beyond the age of entitlement and thus [] ineligible for services under the IDEA."  *Id.* at 189.  The court rejected this argument, and explained:

> In order to give meaning to a disabled student's right to an education between the ages of three and twenty-one, compensatory education must be available beyond a student's twenty-first birthday.  Otherwise, school districts simply could stop providing required services to older teenagers, relying on the Act's time-consuming review process to protect them from further obligations.  . . . [A]bsent a compensatory education award, courts would be powerless to aid intended beneficiaries who were over twenty-one but who had not sought out an alternative educational program. We cannot believe that Congress, in establishing a disabled student's right to public education, would allow a school district to suspend the educational rights of such disabled eighteen- or nineteen-year-olds without a remedy.

*Id.* at 189-90 (internal citations omitted).  Based on this reasoning, the First Circuit concluded that if the plaintiff, who was then twenty-seven years old, could prove that the defendant denied him a FAPE during the challenged period, "he could claim relief in the form of compensatory education."  *Id.* at 190.

In addition to the First Circuit, numerous other Circuits have held that compensatory education may be awarded to disabled students who were denied a FAPE, despite the fact that those students are no longer entitled IDEIA services. *See McCormick v. Waukegan School Dist. No. 60*, 374 F.3d 564, 568 n.1 (7th Cir. 2004) (stating that disabled student's graduation from high school "does not affect our analysis of the problem, however. For one, graduation from high school does not necessarily eliminate the possibility of receiving benefits under IDEA."); *Pace v. Bogalusa City Sch. Bd.*, 325 F.3d 609, 618 (5th Cir. 2003) ("Although a plaintiff beyond the statutory age of entitlement has no right to seek injunctive relief requiring compliance with the IDEA, he may seek compensation for violations of statutory rights that occurred while he was entitled to them.") (internal citations omitted), *rev'd on other grounds en banc*, 403 F.3d 272 (5th Cir. 2005); *Frazier v. Fairhaven Sch. Comm.*, 276 F.3d 52, 63 (1st Cir. 2002) ("First, even after graduation, compensatory education is an available remedy."); *Bd. of Educ. of Oak Park & River Forest High Sch. Dist. 200 v. Illinois State Bd. of Educ.*, 79 F.3d 654, 656 (7th Cir. 1996) ("Although the Act entitles disabled individuals to special educational assistance only until they reach the age of 21, a number of courts have held that if the assistance is inadequate the individual may be awarded, in order to cure the inadequacy, additional special assistance after he reaches the age of 21."); *M.C. on Behalf of J.C. v. Central Regional Sch. Dist.*, 81 F.3d 389, 395 n.4 (3d Cir. 1996) (stating that the court "made clear" in *Lester H. v. Gilhool,* 916 F.2d 865, 872 (3d Cir. 1990) that "compensatory education could be awarded to plaintiffs who had already reached age twenty-one."); *Jefferson Cnty Bd. of Educ. v. Breen*, 853 F.2d 853, 857-58 (11th Cir. 1988) (awarding compensatory education past the age of 21); *see generally Sch. Comm. of Town of Burlington, Mass. v. Dept. of Educ. of Mass.*, 471 U.S. 359, 369 (1985) (holding that because of the length of the administrative of judicial proceedings related to the IDEA, litigants have a

right to be reimbursed for accommodations they had to provide to their children out of pocket because the school denied the child a FAPE.). The Court agrees with the reasoning presented in these cases.

The defendant is correct that "none of the cases relied upon by the Plaintiff have awarded compensatory education to a student who, because of his or her graduation from high school, was no longer eligible to received IDEA services." Def.'s Reply, ECF No. 25, at 2. That said, there is no principled basis to deny compensatory education to a student who was denied a FAPE and related IDEIA services, but received a high school diploma while his or her lawsuit was pending before the Court. Indeed, as the plaintiff states, "a contrary holding would effectively negate the law's protection for students during their last few years of school, a result Congress could not have intended." Pl.'s Opp'n, ECF No. 24, at 4.

The defendant argues that graduation from high school should be treated differently from "aging past twenty-one" and relies on *Brett v. Goshen Community School Corp.*, 161 F. Supp. 2d 930 (N.D. Ind. 2001) (M.J. opinion) as support for that proposition. Def.'s Reply, ECF No. 25, at 3-4. In *Brett*, however, the court explicitly rejected the defendants' argument that the plaintiff's graduation from high school rendered moot his claim that he was denied a FAPE. *Brett*, 161 F. Supp. 2d at 943. The court explained that "the Supreme Court has refused to equate graduation with a free appropriate public education because it is possible for students to advance from grade to grade and graduate without receiving a free appropriate public education." *Id.* (citing *Board of Educ. v. Rowley*, 458 U.S. 176, 203 n.25 (1982) ("[The Court] does not hold . . . that every handicapped child who is advancing from grade to grade in a regular public school system is automatically receiving a 'free appropriate public education.'")). One of the court's express holdings in that opinion was that the plaintiff's case was "not moot because his

graduation *per se* does not necessarily equate with a free appropriate public education." *Id.* at 944.

The defendant also erroneously relies on *Howell ex. rel. D.H. v. District of Columbia*, 522 F. Supp. 2d 57 (D.D.C. 2007), to support its contention that R.T.'s graduation from high school precludes the Court from ordering the defendant to provide her with compensatory education. In *Howell*, the court denied the plaintiff's motion for injunctive relief, finding that the plaintiff did not have a substantial likelihood of success on the merits because she had not addressed the fact that her child had graduated from high school and only "maintain[ed] in a conclusory fashion that [her child] remains entitled to IDEA services." *Id.* at 62. Nevertheless, the Court declined to "conclude that the record firmly establishe[d] that [the disabled student's] graduation [] rendered [the] action moot," and noted only that "[f]or the purposes of the instant motions . . . the plaintiff's failure to address D.H.'s graduation status undermine[d] her likelihood of success on the merits." *Id.* at 62 n.2. As evident from the court's brief, yet clear, discussion of the issue, the court did not conclude that a disabled student's graduation precluded the court from awarding compensatory education, but rather found that the plaintiff had not sufficiently demonstrated that she was entitled to injunctive relief. *Howell* therefore provides scant support for defendant's argument that the Court cannot award compensatory education to R.T. to rectify the defendant's failure to provide her with a FAPE. Aside from *Howell*, the defendant presents no other authority, or persuasive argument, that would compel the Court to reconsider its previous order awarding such relief to the plaintiff.

### C. The Defendant's Claim That the Plaintiff Lacks Standing is Moot Following Ronnie Thomas' Motion to Substitute

Finally, the defendant raised for the first time in its Reply memorandum the contention "that Angela Brooks no longer has standing to bring suit as R.T.'s parent in light of the fact that

R.T. turned 18 years old on November 17, 2010." Def.'s Reply, ECF No. 25, at 5.  The defendant is correct that Ms. Brooks may no longer assert claims on her daughter's behalf.  This fact, however, does not affect the Court's August 31, 2011 Order or alter the defendant's obligation to provide R.T. with compensatory education.

Under IDEIA, a State "may provide that, when a child with a disability reaches the age of majority under State Law . . . all other rights accorded to parents under this subchapter transfer to the child." 20 U.S.C. § 1415 (m)(1).  In the District of Columbia, "[w]hen a child with a disability, except a child with a disability who has been determined to be incompetent under District law, reaches the age of eighteen: . . . All other rights accorded to parents under Part B of IDEA transfer to the child."[4] D.C. MUN. REGS. SUBT. 5-E, § 3023.1.

R.T. became eighteen years old on November 17, 2010, during the pendency of this lawsuit.  Ms. Brooks therefore no longer has standing to bring suit as R.T.'s parent because all the rights afforded to her under IDEIA transferred to her daughter on that date. *See Neville v. Dennis*, No. 07-cv-2202, 2007 WL 2875376, at *2 (D. Kan. Oct. 3, 2007) ("The law is clear that all rights accorded to [the plaintiff] as a parent under the IDEA transfer to the child when he turns eighteen years of age."); *Loch v. Bd. of Educ. of Edwardsville Community School Dist. 7*, No. 3:06-cv-17, 2007 WL 1468675, at *6 (S.D. Ill. May 18, 2007) (same); *Weyrick v. New Albany-Floyd County Consolidated Sch. Corp.*, No. 4:03-cv-0095, 2004 WL 3059793, at *4-5 (S.D. Ind. Dec. 23, 2004) (same); *see also* Def.'s Reply, ECF No. 25, at 5.

Despite having submitted its motion for summary judgment in this case on February 16, 2011, well after the plaintiff's daughter turned eighteen, the defendant raised the argument that the plaintiff lacked standing for the first time in its Reply brief in support of its motion for

---

[4] Part B of the IDEIA guarantees disabled children three years and older a FAPE. 20 U.S.C. § 1400(d)(1).

reconsideration on October 14, 2011.  The Court therefore granted the plaintiff leave to file any response to the defendant's standing argument, "including, as appropriate, a motion to substitute pursuant to Fed. R. Civ. P. 17(a)(3)."  Minute Order dated December 8, 2011.  In her response, the plaintiff asserted that she "retained standing" to pursue her claim, but filed a "contingent ratification and contingent motion to substitute" her daughter, Ronnie Thomas, as the plaintiff in this case.[5]  ECF No. 30, at 3.  Shortly thereafter, the defendant responded to the motion to substitute, stating that while it "does not consent" to Ronnie Thomas' ratification of the plaintiff's suit and motion to substitute, it "does not specifically oppose the substitution of Ronnie Thomas as the proper party to this action."  ECF No. 31.  Accordingly, the Court grants Ronnie Thomas' motion to substitute her as the real party in interest in this case pursuant to Fed. R. Civ. P. 17(c)(3).  *See Zachary M. v. Bd. of Educ. of Evanston Tp. High Sch. Dist. No. 202*, 2011 WL 5395778, at *1 n.1. (N.D. Ill. 2011) (stating that since the minor the subject of the suit had reached the age of majority during the pendency of the litigation and the defendants challenged the minor's parents' continued standing, "[r]ather than rule on that challenge, [the court] allowed [the minor] to substitute in as the real party in interest" pursuant to Fed. R. Civ.P. 17(a)(3)); *A.G. v. Leander Indep. Sch. Dist.*, 2009 WL 3350148, at *2 (W.D. Tex. Oct. 14, 2009) (M.J. R & R) (same).  The defendant's argument that relief should be denied because the plaintiff lacks standing is thus denied as moot.

---

[5] The plaintiff initially submitted a response to the defendant's standing argument and, in the alternative, a motion to substitute on December 19, 2011.  ECF No. 26-27.  The plaintiff's "motion" to substitute, however, failed to comply with Local Civil Rule 7(c), which requires each motion to be accompanied with a proposed order, and Rule 7(m), which requires counsel to confer prior to the filing of any non-dispositive motion.  Additionally, the motion to substitute was filed by Ms. Brooks on her daughter's behalf, and not by Ronnie Thomas herself.  Accordingly, the Court struck the motion from the docket and instructed the plaintiff to re-file the motion after complying with the applicable local and federal rules.  Minute Order dated January 3, 2012.  The plaintiff's amended motion was filed on January 10, 2012.  ECF No. 30.

## IV. CONCLUSION

For the reasons stated above, Ronnie Thomas' Motion to Substitute is GRANTED and the defendant's Motion for Reconsideration is DENIED. An Order consistent with this Opinion will be entered.

**DATED: JANUARY 28, 2012**

/s/ *Beryl A. Howell*
BERYL A. HOWELL
United States District Judge